# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Simmons

v.

Hoff and Rhatigan et al.

August 22, 1988

Case No. (Law) 11455

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendant Rhatigan's Motion for Summary Judgment. This action arises from Defendants Hoff and Rhatigan's legal representation of Plaintiff in connection with an automobile accident which occurred in 1982. The malpractice is alleged to have resulted in the dismissal of Plaintiff's action filed in the United States District Court in Alexandria. Since the facts are not in dispute as to Rhatigan's role in those proceedings, the case is ripe for determination on Summary Judgment. Rhatigan's Motion must be granted.

It is clear that the only function Rhatigan served in this case was that of local counsel. He signed the pleadings to provide Defendant Hoff with "access to the Court." *See*, Rule 7(D), U.S. Dist. Ct. Rule, E.D. Va. Rhatigan thereafter performed no further professional duties nor was he directed to do so by the chief counsel in that case, Hoff. In *Ortiz v. Barrett*, 222 Va. 118 (1981), the Supreme Court held that an attorney owed a duty of reasonable care, skill and dispatch in performing the duties owed to a client. The Court stated that the duties owed by local counsel must be determined from the terms of the employment of the local counsel by chief counsel. Local counsel's duty is limited to the work assigned by chief counsel. *Ortiz, supra*, at 128. Here, it is clear that no work was assigned to Rhatigan.

Plaintiff points to Rhatigan's discovery deposition testimony[1] that no discussion occurred between Rhatigan and Hoff as to the duties to be performed by him and that no discussion was had regarding his future role in the case and argues that this distinguishes this case from *Ortiz*. Plaintiff argues that absent express contractual restraints, Rhatigan was "fully bound by all ethical proscriptions, rules of Court and substantive law as any other 'counsel for Plaintiff'."

This argument not only misses the point of *Ortiz* but ignores the evidence that at the time of the alleged malpractice Rhatigan had fulfilled his assigned function. That is, he had signed the pleadings as local counsel thereby providing the Plaintiff access to the court by complying with the local counsel rule of that Court. No other duties, functions or role existed nor did any subsequently come into existence for Rhatigan prior to the dismissal of Plaintiff's original suit. It would be illogical to say that because Rhatigan had no specific duties he is liable to Plaintiff for his failure to perform them. Plaintiff's argument also ignores the presence of other counsel in the original suit.

For these reasons, Rhatigan's Motion for Summary Judgment must be granted.

While it appears that the Defendant Haden, Rhatigan & McMurtrie has not filed a Motion for Summary Judgment, it also appears that the partnership's liability is derivative and it should likewise be granted summary judgment unless there is some other basis for its liability. Plaintiff is entitled, however, to be heard on this issue if he so desires.

---

[1] Rhatigan has objected to the use of his discovery deposition for summary judgment purposes. Rule 3:17, Rules of Court; Section 8.01-420, Code of Virginia. The objection is overruled since Plaintiff is not seeking to sustain the motion for summary judgment but rather is attempting to show the existence of disputed material facts in resisting the motion.